## Curley's Estate.

*Practice, O. C.—Escheat—Real estate—Act of May 2, 1889.*

Where one who has been duly commissioned escheator by the Auditor General and has taken out letters of administration upon the estate of a decedent as prescribed by section 6 of the Escheat Act of May 2, 1889, P. L. 66, has filed his account of the personal property as such administrator, together with a description of the real estate which he claims is due the Commonwealth by escheat, it is the duty of the auditing judge to pass finally upon the petition for escheat and award distribution of the fund, and, if the escheat be established, to award the real estate to the escheator.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1924, No. 79.

*Thomas H. McCaffrey,* for exceptions; *John McConaghy, Jr.,* contra.

VAN DUSEN, J., March 5, 1926.—An escheator was appointed and took out letters of administration. He then filed a petition as escheator, alleging the

escheat, and praying for a citation on himself as administrator to file an account of personal estate and a description of real estate in accordance with the Escheat Act of May 2, 1889, § 6, P. L. 66, *et seq.* In response to this he filed, as administrator, an account of personal estate, and account of receipts and disbursements on account of real estate and a description of real estate.

This account being called for audit, the claim of the Commonwealth for escheat was presented, and Thomas Devlin, an alleged brother of the decedent, also claimed as distributee and presented objections to the account. As Auditing Judge, I filed an adjudication rejecting the claim of Thomas Devlin on the merits, and, therefore, declined to hear his objections. I did not, however, pass finally upon the petition for escheat, but directed further advertising.

This was an error in practice. The jurisdiction of this court is to award distribution of a fund, including, where an escheat thereof is claimed, an award of real estate to the escheator. There may be several claims and all must be disposed of, but only as leading up to one final judgment and award— not piecemeal. The same considerations would apply to any distribution of personal property brought in by an accountant; the judgment is quasi *in rem*, and is good only so far as it makes an award of the fund.

The jurisdiction of real estate in such a proceeding is peculiar and it would seem to include only the right to award it to the escheator on behalf of the Commonwealth. See section 10 of the Escheat Act. There is no authority to award it to any one else or to pass on receipts or disbursements with respect thereto. The so-called real estate account (page 3) is stricken out.

The exceptions of Thomas Devlin are sustained, without prejudice to the claim of the escheator on the merits, and the adjudication is recommitted to the Auditing Judge for further proceedings in accordance with this opinion.